1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                        **WESTERN DIVISION**

11

12  NIASANDI S. HITHE,              )    No. CV 09-02529 CW
                                    )
13                   Plaintiff,     )    DECISION AND ORDER
              v.                    )
14                                  )
    MICHAEL J. ASTRUE,              )
15  Commissioner, Social           )
    Security Administration,       )
16                                  )
                     Defendant.     )
17  _____ )

18

19       The parties have consented, under 28 U.S.C. § 636(c), to the

20  jurisdiction of the undersigned magistrate judge.  Plaintiff seeks

21  review of the denial of Disability Insurance Benefits ("DIB") and

22  Supplemental Security Income ("SSI") benefits.  The court finds that

23  judgment should be granted in favor of defendant, affirming the

24  Commissioner's decision.

25                        **I.   BACKGROUND**

26       Plaintiff Niasandi S. Hithe was born on October 7, 1974, and was

27  thirty-one years old at the time she filed her application for

28  benefits. [Administrative Record ("AR") 74, 79.] She met the insured

                               1

1  status requirements of the Social Security Act through December 31,

2  2003. [AR 13.]  She graduated high school, has some trade school

3  courses, and has past relevant work as a telephone clerk, day guard,

4  dispatcher, customer service representative, fast-food cashier, and

5  file clerk. [AR 20.]  Plaintiff alleges disability on the basis of

6  epilepsy. [AR 95.]

7  ## II.  PROCEEDINGS IN THIS COURT

8      Plaintiff's complaint was lodged on April 10, 2009, and filed on

9  April 20, 2009.  On October 22, 2009, Defendant filed an Answer and

10  Plaintiff's Administrative Record.  On December 22, 2009, the parties

11  filed their Joint Stipulation ("JS") identifying matters not in

12  dispute, issues in dispute, the positions of the parties, and the

13  relief sought by each party.  This matter has been taken under

14  submission without oral argument.

15  ## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

16      Plaintiff applied for DIB under Title II of the Social Security

17  Act, and SSI under Title XVI of the Social Security Act, on February

18  6, 2006, alleging disability since January 30, 1999. [AR 74, 79.]

19  After the applications were denied initially and on reconsideration,

20  Plaintiff requested an administrative hearing, which was held on April

21  2, 2008, before an Administrative Law Judge ("ALJ").  [AR 32.]

22  Plaintiff appeared with counsel and gave testimony. [AR 35.]  The ALJ

23  also considered the testimony of a vocational expert ("VE"). [AR 50.]

24  The ALJ denied benefits in a written decision issued on May 21, 2008.

25  [AR 10-22.]  When the Appeals Council denied review on March 20, 2009,

26  the ALJ's decision became the Commissioner's final decision. [AR 1.]

27  ## IV.  STANDARD OF REVIEW

28      Under 42 U.S.C. § 405(g), a district court may review the

2

1  Commissioner's decision to deny benefits.  The Commissioner's (or
2  ALJ's) findings and decision should be upheld if they are free of
3  legal error and supported by substantial evidence.  However, if the
4  court determines that a finding is based on legal error or is not
5  supported by substantial evidence in the record, the court may reject
6  the finding and set aside the decision to deny benefits.  See Aukland
7  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
8  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
9  F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097
10 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998);
11 Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v.
12 Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

13      "Substantial evidence is more than a scintilla, but less than a
14 preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence
15 which a reasonable person might accept as adequate to support a
16 conclusion."  Id.  To determine whether substantial evidence supports
17 a finding, a court must review the administrative record as a whole,
18 "weighing both the evidence that supports and the evidence that
19 detracts from the Commissioner's conclusion."  Id.  "If the evidence
20 can reasonably support either affirming or reversing," the reviewing
21 court "may not substitute its judgment" for that of the Commissioner.
22 Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V.  DISCUSSION

#### A.  THE FIVE-STEP EVALUATION

25      To be eligible for benefits, a claimant must demonstrate a
26 medically determinable impairment which prevents the claimant from
27 engaging in substantial gainful activity and which is expected to
28 result in death or to last for a continuous period of at least twelve

3

months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42

U.S.C. § 423(d)(1)(A).

Claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial
> gainful activity?  If so, the claimant is found not
> disabled.  If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment?
> If so, proceed to step three.  If not, then a finding of not
> disabled is appropriate.
> Step three: Does the claimant's impairment or
> combination of impairments meet or equal an impairment
> listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
> so, the claimant is automatically determined disabled.  If
> not, proceed to step four.
> Step four: Is the claimant capable of performing his
> past work?  If so, the claimant is not disabled.  If not,
> proceed to step five.
> Step five: Does the claimant have the residual
> functional capacity to perform any other work?  If so, the
> claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as</u> <u>amended</u>

April 9, 1996); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107

S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20

C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or

"not disabled" at any step, there is no need to complete further

steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four,

subject to the presumption that Social Security hearings are non-

adversarial, and to the Commissioner's affirmative duty to assist

claimants in fully developing the record even if they are represented

by counsel.  <u>Tackett</u>, 180 F.3d at 1098 and n.3; <u>Smolen</u>, 80 F.3d at

1288.  If this burden is met, a <u>prima</u> <u>facie</u> case of disability is

made, and the burden shifts to the Commissioner (at step five) to

4

1    prove that, considering residual functional capacity ("RFC")[1], age,

2    education, and work experience, a claimant can perform other work

3    which is available in significant numbers. Tackett, 180 F.3d at 1098,

4    1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520, 416.920.

5          **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

6          Here, the ALJ found that Plaintiff had not engaged in substantial

7    gainful activity since January 30, 1999, the alleged disability onset

8    date (step one); that Plaintiff had the "severe" impairment of a

9    seizure disorder (step two); and that Plaintiff did not have an

10   impairment or combination of impairments that met or equaled a

11   "listing" (step three). [AR 13.]

12         The ALJ determined that Plaintiff had an RFC to perform a full

13   range of work at all exertional levels with the following non-

14   exertional limitations: she must avoid even moderate exposure to

15   workplace hazards such as moving machinery and heights; she must avoid

16   climbing ladders, ropes, or scaffolds; and she cannot drive a motor

17   vehicle. [AR 14.]

18         The ALJ found that Plaintiff is able to perform her past relevant

19   work as a telephone order clerk, day guard, motor transport

20   dispatcher, customer service representative, fast food cashier, and

21   file clerk (step four). [AR 20.]  The ALJ found that Plaintiff could

22   also perform "other work" existing in significant numbers in the

23

24        [1]  Residual functional capacity measures what a claimant can
     still do despite existing "exertional" (strength-related) and
25   "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155
     n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
26   work without directly limiting strength, and include mental, sensory,
     postural, manipulative, and environmental limitations. Penny v.
27   Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
     n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
28   nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler,
     765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

1  national economy, such as Assembler, Cashier II, Counter Clerk (step

2  five). [AR 21.]   Accordingly, Plaintiff was found not "disabled" as

3  defined by the Social Security Act (the "Act"). [AR 22.]

4      **C.   ISSUES IN DISPUTE**

5      The parties' Joint Stipulation identifies as disputed issues

6  whether the ALJ properly:

7      1.   Considered the treating physician's opinion;

8      2.   Considered the Plaintiff's testimony and made proper

9           credibility findings;

10     3.   Considered the lay witness testimony; and

11     4.   Complied with Social Security Ruling ("SSR") 96-7p.

12     [JS 2.]

13     **D.   ISSUE ONE: TREATING PHYSICIAN'S OPINION**

14     Plaintiff first claims the ALJ did not properly evaluate a

15  statement by treating physician Sergio Fuenzalida, M.D., that

16  Plaintiff is unable to work.

17     The Commissioner generally favors the opinions of treating

18  physicians over those of non-treating physicians.  20 C.F.R. §§

19  404.1527, 416.927.  An ALJ is not, however, required to adopt all

20  opinions offered by a treating physician.  The ALJ may reject a

21  treating physician's conclusions regarding a claimant's limitations

22  for "specific and legitimate reasons" supported by substantial

23  evidence in the record.  Connett v. Barnhart, 340 F.3d 871 (9th Cir.

24  2003).  The ALJ may satisfy this standard by setting out "a detailed

25  and thorough summary of the facts and conflicting clinical evidence,

26  stating his interpretation thereof, and making findings." Tommasetti

27  v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008)(quoting Magallanes v.

28  Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

6

The ALJ's decision met this standard.  In assessing Plaintiff's limitations, the ALJ detailed the history of Plaintiff's epilepsy treatment since 1999. He described Plaintiff's self-reports to physicians regarding the extent and frequency of her seizures, the medication and dosage prescribed in response, and modifications to that treatment over the course of time. [AR 13-20.] Based upon this review of the record, the ALJ concluded that, while Plaintiff suffers from epilepsy, she has seizures infrequently, most of which occur at night, and that they do not preclude her from working. [Id.]

Dr. Fuenzalida treated Plaintiff every several months beginning in 2006. In September 2006, Dr. Fuenzalida filled out a form on which he noted, first, that Plaintiff is unable to work, and, second, that she is "able to work" but is restricted from working "near machinery." [AR 324.]  After summarizing Dr. Fuenzalida's records, the ALJ concluded that the doctor "did not intend to indicate that the claimant is totally disabled from all work" under the circumstances; instead, the ALJ adopted Dr. Fuenzalida's opinion that Plaintiff is "able to work" but cannot do so near machinery. [AR 19, 324.]  In electing to discount the former opinion, the ALJ noted that Dr. Fuenzalida's treatment records overall indicated that Plaintiff's seizures are well controlled. [AR 19.]  The ALJ is entitled to reject the opinion of a treating physician regarding limitations that are not supported by the physician's own treatment notes.  Connett, 340 F.3d at 871.  As the ALJ noted, Dr. Fuenzalida described Plaintiff's seizures as "well-controlled" in both April and May 2006. [AR 321-33.] Furthermore, in December 2007, though Plaintiff reported more than four to five seizures per month to Dr. Fuenzalida, he did not adjust her medication from prior levels. [AR 327.]  The ALJ concluded that

7

1   this suggested the doctor did not take Plaintiff's allegations

2   entirely seriously.[2] [AR 18.]   The ALJ may draw an inference, such as

3   this, that logically flows from the evidence.   Sample v. Schweiker,

4   694 F.2d 639, 642 (9th Cir. 1982).

5       Plaintiff's assertion that the ALJ should have re-contacted Dr.

6   Fuenzalida to further develop his opinion on this issue does not

7   warrant a different result.   An ALJ is required to re-contact a

8   physician and further develop the record only when the evidence

9   provided by a claimant is ambiguous or insufficient to support a

10   decision.   Tonapetyan, 242 F.3d at 1150.   The ALJ did not find Dr.

11   Fuenzalida's records, or the medical record as a whole, to be

12   ambiguous, but found, consistent with the assessment of the state

13   agency reviewing physicians [AR 275-82, 325], that Plaintiff's records

14   generally were consistent and supported the determination that

15   Plaintiff remains able to work with limitations.   [See AR 19.]

16   Accordingly, this claim provides no grounds to reverse the ALJ's

17   decision.

18       **E.   ISSUE TWO: CREDIBILITY**

19       Next, Plaintiff contends the ALJ failed to set forth legally

20   sufficient reasons for failing to find her to be credible.   This claim

21   is without merit.

22       The Commissioner's assessment of plaintiff's credibility should

23   be given great weight.   Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.

24   1985).   Absent affirmative evidence of malingering, an adverse

25   credibility finding must be based on "clear and convincing reasons."

26

27       [2]  Plaintiff did not complain of seizures at her preceding or

28   subsequent appointments, in October 2007 or March 2008.   [AR 327, 338-
    39.]

8

1   Carmickle v. Comm'r of Social Sec. Admin., 533 F.3d 1155, 1160 (9th
2   Cir. 2008).   The credibility findings must be "'sufficiently specific
3   to permit the court to conclude that the ALJ did not arbitrarily
4   discredit claimant's testimony.'" Tommasetti, 533 F.3d at 1039
5   (quoting Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002)).   In
6   this case, the ALJ provided multiple clear and convincing reasons to
7   discount Plaintiff's allegations.
8         First, the ALJ found that Plaintiff's testimony regarding her
9   limitations, the numbers of seizures she suffered, and the side
10  effects of her medications at multiple points exceeded or conflicted
11  with her self-reporting to physicians, which casts doubt on her
12  statements. [AR 15.]   In assessing plaintiff's credibility, the ALJ
13  may use "ordinary techniques of credibility evaluation," such as
14  considering inconsistencies in a claimant's statements and her overall
15  level of frankness.   Tonapetyan, 242 F.3d at 1147-48.   A claimant's
16  lack of self-reporting to her physicians about the extent of an
17  alleged symptom is a specific and legitimate reason to reject
18  credibility.   Connett, 340 F.3d at 871 (plaintiff who alleged severe
19  neck, shoulder, and back pain asserted she spent seventy-five percent
20  of her day lying down due to severe pain, but never reported this
21  restriction to her physician).   For example, Plaintiff testified that
22  her medication makes her sleepy and dizzy, and she claimed she
23  discussed these side effects with her doctors and that they had
24  attempted to adjust the medication to account for these side effects.
25  [AR 15, 44.]   However, as the ALJ noted, the record did not include
26  mention of sleepiness or dizziness, but referred only to transient
27  complaints of swollen legs. [See AR 329.]
28        Second, the ALJ found that Plaintiff's description of her daily

9

activities exceeds and contradicts her description of her capacities. [AR 18.]  Plaintiff testified that she is virtually inactive: she has grand mal seizures one or more times each week, after each of which she must remain in bed for two days, and petit mal seizures almost daily, which affect her behavior and require her to lay down to rest for nearly an hour.[3] [AR 41-43.]  However, Plaintiff reported that she lives alone with her two children, a six- and three-year old.  She cooks, does the housework, walks her daughter to and from the bus stop, and cares for her children's needs with occasional help from her mother and the children's father. [AR 41, 114-19.]  It is the province of the ALJ to evaluate apparent inconsistencies in a claimant's statements, and he may discount a claimant's allegations based upon such inconsistencies.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991).  It was the province of the ALJ, therefore, to infer from these statements that Plaintiff would require more significant assistance with her children and household tasks were she as incapacitated as she claims.  See Sample, 694 F.2d at 642 (in making findings, an ALJ may draw inferences logically flowing from the evidence).

Third, the ALJ noted that Plaintiff receives conservative treatment for her epilepsy, which contradicts her allegations of significant daily effects from petit or grand mal seizures. [AR 19.] As the ALJ pointed out, there is no evidence that her physicians recommended treatment other than medication, and no evidence Plaintiff has attempted methods other than her medication to reduce seizure

---

[3]  As the ALJ noted, the medical records show Plaintiff made no reports to her physicians that she suffers daytime effects from seizures. [AR 20.]

activity. [AR 19.]   Evidence of conservative medical treatment is a legitimate reason to discount a plaintiff's testimony regarding the severity of an impairment.   <u>Parra v. Astrue</u>, 481 F.3d 742, 750-51 (9th Cir. 2007)(<u>citing</u> <u>Johnson v. Shalala</u>, 60 F.3d 1428, 1434 (9th Cir. 1995)(holding that the fact that plaintiff's physical ailments were treated with over the counter medication was a proper reason for discounting his allegations of disabling pain); <u>see also</u> <u>Tommasetti</u>, 533 F.3d at 1040 (holding ALJ made permissible inference that plaintiff's pain was not all-disabling as reported in light of fact that plaintiff did not seek aggressive treatment program and finding that plaintiff's favorable response to conservative treatment undermined plaintiff's reports regarding disabling nature of pain).

Fourth, the ALJ noted that Plaintiff did not attempt to work even when the medical records indicated she was on an optimal combination of medications. [AR 18.]   Evidence that a plaintiff "has shown little propensity to work" can negatively impact credibility regarding inability to do so.   <u>Thomas v. Barnhart</u>, 278 F.3d 947, 959 (9th Cir. 2002).   As an example, in November 2005 Plaintiff asked to be allowed to drive and reported that her seizures "always" occurred only in her sleep, but she did not attempt at that time to obtain work. [AR 285.] Although the ALJ's interpretation of the evidence in this case is not necessarily the only reasonable one, because the credibility assessment is supported by substantial record evidence and is based upon legally permissible considerations, the court may not second-guess it.   See <u>Rollins v. Massanari</u>, 261 F.3d 853, 857 (9th Cir. 2001).

**F.   ISSUE THREE: LAY WITNESS TESTIMONY**

Plaintiff next contends that the ALJ failed to evaluate

11

1  adequately a written third-party function report submitted by

2  Plaintiff's mother; the ALJ found that it was unpersuasive in part

3  because it was not signed under penalty of perjury. [See AR 19.]

4       In determining whether a plaintiff is disabled, an ALJ must

5  consider lay witness testimony concerning a plaintiff's ability to

6  work.  Stout v. Commissioner of Soc. Security Admin., 454 F.3d 1050,

7  1053 (9th Cir. 2006)(citations omitted).  Lay testimony "as to a

8  [plaintiff's] symptoms or how an impairment affects ability to work is

9  competent evidence . . . and therefore cannot be disregarded without

10 comment."  Id. (citations omitted)(ALJ erred in ignoring lay testimony

11 from plaintiff's sister and a letter from plaintiff's brother-in-law,

12 with whom plaintiff had worked).

13      Here, however, the ALJ did not disregard the statement of

14 Plaintiff's mother. Instead, he concluded that the limitations she

15 described, even if credited as true, were not persuasive in

16 establishing disability when viewed in light of the record as a whole.

17 [AR 19.]  Plaintiff's mother reported that most of Plaintiff's

18 seizures occur while she is asleep, and that Plaintiff does not return

19 to normal "for days" after a seizure. [AR 103.]  As the ALJ noted,

20 however, given that the medical record indicates Plaintiff has

21 seizures infrequently, this statement does not support a finding of

22 disability. [See AR 16-18, 19.]  Indeed, Plaintiff's mother did not

23 state how frequently she helps her daughter care for the two children

24 as a result of Plaintiff's seizure disorder. [AR 103-108.]

25      Moreover, as the ALJ noted, Plaintiff's mother indicated that

26 Plaintiff performs a range of daily activities and has primary care of

27 her two young children, which likewise does not support a finding that

28 Plaintiff is disabled. [AR 103-04.]  Given that the ALJ effectively

                                  12

credited the mother's testimony but found it to be unpersuasive, even if Plaintiff is correct that the ALJ legally erred in suggesting the mother's statement was entitled to less weight because it was not signed under penalty of perjury, the error is harmless. <u>Stout</u>, 454 F.3d at 1054 (error in assessing lay witness testimony is harmless if another ALJ "fully crediting the testimony" would not have reached a different determination). Accordingly, this claim does not provide grounds for reversal.

> ### G.   ISSUE FOUR: SSR 96-7p

Finally, Plaintiff claims that the ALJ erred in failing to consider the side effects of her medication as required pursuant to SSR 96-7p. Plaintiff testified that her medication can cause dizziness and fatigue, and her mother indicated that Plaintiff's medication "sometimes" makes her sleepy. [AR 44, 103.]

The ALJ adequately evaluated and discounted Plaintiff's side effects allegations. [<u>See</u> AR 15.] As discussed above, the ALJ specifically addressed Plaintiff's side effects allegations and, in so doing, found them not to be credible on the basis that Plaintiff did not report these side effects to her physicians. [AR 15, 44, 329.] Statements made by Plaintiff's attorney in the joint stipulation, to the effect that Plaintiff's medications may cause sleepiness or dizziness, are not evidence. Because even the "passing mention" of side effects "without documentation of effects of sufficient severity to interfere with the ability to work" is inadequate to demonstrate resulting impairment, <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1164 (9th Cir. 2000), the ALJ did not err in declining to include sleepiness and dizziness, which according to Plaintiff's mother were merely transient

side effects, in the RFC here.  Accordingly, there is no merit to this contention.

**V.   <u>ORDERS</u>**

Accordingly, **IT IS ORDERED** that:

1.    The decision of the Commissioner is **AFFIRMED**.

2.    This action is **DISMISSED WITH PREJUDICE**.

3.    The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.


DATED: June 15, 2010



_____
        CARLA M. WOEHRLE
United States Magistrate Judge